IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER MILLS**<br><br>**v.**<br><br>**ALLSTATE INSURANCE COMPANY** | **CIVIL ACTION**<br><br>**NO. 15-4824** |

**MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS**

**Baylson, J.** **September 29, 2015**

Presently before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Christopher Mills has alleged two counts: first, breach of contract, and second, bad faith conduct arising out of a homeowner's insurance policy issued by Defendant Allstate Insurance Company. For the reasons set forth below, Defendant's Motion to Dismiss is granted, without prejudice and with leave to amend.

## I. Introduction

### A. Factual and Procedural History

At all times material to the claim, Plaintiff maintained insurance pursuant to a homeowner's policy (issued by Defendant) on property located in Philadelphia. ECF 4-1, Pl.'s Compl. at ¶ 4. On July 27, 2014, Plaintiff suffered loss due to smoke and soot damage. Id. ¶ 6.[1] Plaintiff alleges he informed Defendant of the loss, but Defendant has not paid Plaintiff any benefits under the policy. Id ¶¶ 7-8.

As a result of Defendant's refusal to pay, Plaintiff filed the instant suit in the Philadelphia

[1] Plaintiff's Opposition to the Motion clarified that this loss resulted from a fire two doors down the street.

Court of Common Pleas on July 23, 2015. Defendants removed to this Court on the basis of diversity jurisdiction on August 26, 2015. ECF 1.

Count I of Plaintiff's Complaint alleges that Defendant's failure to pay constitutes a breach of its contractual obligations. ECF 4-1, Pl.'s Compl. at ¶¶ 10-11. In Count II, Plaintiff alleges that Defendant acted in bad faith contrary to its statutory duty under 42 Pa. C.S.A. § 8371 by "forward[ing] correspondence to Plaintiff [] representing [that] his claim was not, in fact, covered under Defendant's policy of insurance when Defendant knew or should have known that such representation was false and misleading." Id. at ¶ 14(a).

On September 1, 2015, Defendant filed this Motion to Dismiss Count II of Plaintiff's Complaint. ECF 4. Plaintiff responded on September 9, 2015. ECF 5.

**B. Parties' Contentions**

Defendant contends in this Motion to Dismiss that Plaintiff has not alleged sufficient or specific facts to allow this Court to draw the inference that Defendant has acted in bad faith in denying Plaintiff's claim. Def.'s Br. at 5-6. Defendant asserts that all of Plaintiff's allegations related to Defendant's liability under Count II are conclusory. Id. at 8-9. In response, Plaintiff contends that the Complaint sufficiently points Defendant to its own correspondence as evidence of bad faith. Pl.'s Resp. at 10, 12.

**II. Legal Standards**

**A. Standard of Review**

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and

citations omitted). Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), the Third Circuit described Iqbal as requiring a two-part analysis when considering a Rule 12(b)(6) motion. First, a court separates the facts averred in the complaint from any legal conclusions asserted therein. Fowler, 578 F.3d at 210-211. All facts pleaded must be taken as true, but any legal conclusions may be disregarded. Id. Second, the court determines whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting Iqbal, 556 U.S. at 679). Pleadings must include at least some factual allegations to support the legal claims asserted. Id. at 210. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Iqbal, 556 U.S. at 678); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Twombly, 550 U.S. at 555 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**III. Discussion**

In his Complaint, Plaintiff alleges in conclusory language that Defendant's actions in handling Plaintiff's insurance claim constituted "bad faith" within the meaning of 42 Pa. C.S.A. § 8371. The Pennsylvania Legislature promulgated 42 Pa. C.S.A. § 8371 to create a statutory remedy for bad faith conduct by insurers in denying benefits or handling claims, allowing courts to award plaintiffs interest, punitive damages, and court costs and attorneys' fees. See Terletsky v. Prudential & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994).

In the insurance context, the term "bad faith" concerns "any frivolous or unfounded refusal to pay proceeds of policy." Toy v. Metro. Life Ins. Co., 928 A.2d 186, 199 (Pa. 2007) (quoting Black's Law Dictionary 139 (6th ed. 1990)). "[M]ere negligence or bad judgment does not constitute bad faith; knowledge or reckless disregard of a lack of a basis for denial of coverage is necessary [and] [e]ven questionable conduct giving the appearance of bad faith is not sufficient to establish it so long as the insurer had a reasonable basis to deny coverage." Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 523 (3d Cir. 2012). To establish bad faith, a plaintiff must demonstrate that (1) the insurer lacked a reasonable basis for denying the benefits under the policy and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. Id.

In Eley v. State Farm Insurance Company, No. 10-CV-5564, 2011 WL 294031, at *4 (E.D. Pa. Jan. 31, 2011) (Baylson, J.) and Robbins v. Metropolitan Life Insurance Company of Connecticut, Civil Action No. 08-0191, 2008 WL 5412087, at *7-8 (E.D. Pa. Dec. 29, 2008) (Baylson, J.), this Court ruled on the sufficiency of bad faith claims brought pursuant to 42 Pa. C.S.A. § 8371 under the heightened pleading standards addressed by Iqbal and Fowler. The plaintiff in Eley alleged the defendant acted in bad faith because "[t]here was no reasonable basis for the [Defendant's] Failure to negotiate plaintiffs' … claim in good faith[,] Failure to properly

investigate and evaluate plaintiffs' insurance claim[, and] Such other acts to be shown through discovery." 2011 WL 294031, at *4. The Court held that these allegations were factually insufficient to support a bad faith claim. Id. The plaintiff in Robbins similarly alleged that the defendant insurance company "fail[ed] to objectively and fairly evaluate Plaintiffs' claims; assert[ed] defenses without reasonable basis in fact; unnecessarily and unreasonably compell[ed] litigation; conduct[ed] an unreasonable investigation of Plaintiffs' claims; and unreasonably withh[eld] policy benefits." Robbins, 2008 WL 5412087, at 8. The plaintiffs argued in their brief that the defendant's refusal to pay full death benefits was "unreasonable" based on alleged statements by the defendant initially denying the existence of a rider increase. Id. Ruling on a motion for judgment on the pleadings, this Court concluded that plaintiffs had not provided sufficient facts to support their allegations. Id. The Court further concluded that a four month delay in processing a claim is not, "by itself, so unusual or unreasonable to indicate bad faith." Id.

Plaintiff avers that Defendant acted in bad faith by (Pl. Compl. ¶ 14):

(a) forwarding correspondence to Plaintiff and/or Plaintiff's representative under date of August 18, 2014, representing to Plaintiff and/or Plaintiff's representatives that his claim was not, in fact, covered under Defendant's policy of insurance when Defendant knew or should have known that such representation was false and misleading;

(b) failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim when its liability under the policy became reasonably clear;

(c) misrepresenting pertinent facts or policy or contract provisions relating to the coverages at issue;

(d) treating the Plaintiff with reckless indifference and disregard under the circumstances;

(e) not having a reasonable basis for denying Plaintiff's benefits under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied Plaintiff's claim; [and]

(f) interpreting ambiguous terms, provisions and/or conditions of the aforementioned policy in its favor and against Plaintiff.

These "bare-bones" allegations are as devoid of factual specificity as those presented in Eley and Robbins. Accepting all well-pleaded facts as true, this Court can merely conclude that (1) Plaintiff's insurance policy with Defendant provided homeowners coverage, (2) Plaintiff suffered injury as a result of smoke and soot damage;[2] (3) Plaintiff complied with the terms of the insurance policy in seeking coverage, and (4) Defendant has declined to settle Plaintiff's claim. Compl. at ¶¶ 4-8. The remaining averments regarding Defendant's alleged bad faith conduct are simply "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Fowler, 578 F.3d at 210. See also Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133, 136 (3d Cir. 2012) (claim insufficient where Plaintiff pled Defendant misrepresented facts without explaining what the misrepresentations were).

Because Plaintiff has failed to allege facts sufficient to support his bad faith claim, this Court will dismiss Plaintiff's Count II, without prejudice.

## IV. Conclusion

For all the foregoing reasons, this Court grants Defendant's Motion to Dismiss Plaintiff's Count II.

An appropriate Order follows.

O:\CIVIL 15\15-4824 MILLS V. ALLSTATE\15-4824.MTD.DOCX

---

[2] Plaintiff's Complaint does not specify the origin of this damage, as previously noted.